# Fell *v.* Aull, Appellant.

*Insurance—Life insurance—Ownership of proceeds of policy—Conflicting evidence—Case for jury.*

On an issue to determine the ownership of the proceeds of a life insurance policy paid into court, where the plaintiff is the beneficiary named in the policy, and the defendant claims under an alleged oral assignment of the policy to him as security for a debt, and the evidence which is largely oral, is conflicting, and a verdict might be warranted either way, the appellate court will not reverse a judgment on a verdict for the plaintiff.

Submitted Oct. 22, 1914.   Appeal, No. 119, Oct. T., 1914, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1913, No. 1,093, on verdict for plaintiff in case of Lydie A. Fell v. William A. Aull. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Issue to determine the ownership of $1,000, proceeds of a policy of life insurance, on the life of David H. Fell. Before PATTERSON, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were in the following form:

1. The court erred in admitting in evidence the policy of insurance without any proof as to what it was, by whom it was issued, to whom it was issued, or for whose benefit it was made, and also in the absence of any facts whatever in reference to it.

2. The court erred in not allowing the defendant to prove why the policy of insurance was not actually assigned to him on the books of the company.

3. The court erred in refusing the defendant's motion for a new trial.

*John H. Fow,* for appellant.

*Frank Rogers Donahue,* for appellee.

PER CURIAM, November 16, 1914:

The dispute in this case is as to the ownership of $1,000 deposited in court by the New York Life Insurance Company, the same being claimed by both the plaintiff and the defendant. The plaintiff was the beneficiary named in the policy. The defendant claimed under an alleged oral assignment of the policy to him as security for a debt. The issue was a very simple one. It depended largely upon the oral testimony of witnesses. In support of his contention the defendant adduced the testimony of himself and other witnesses as to admissions alleged to have been made by the decedent at a hearing before a magistrate. The plaintiff on the other hand testified in denial of these alleged admissions. If the case turned exclusively on the question whether the decedent made them it might be urged with considerable force that the weight of the testimony was in favor of the defendant's contention. But the case did not turn exclusively on the question whether the decedent made the admissions. Both the plaintiff and the defendant gave direct testimony upon the main question, namely, whether the policy had been assigned to the defendant. Their testimony was in conflict, and without undertaking to review it at length it is sufficient to say that the plaintiff's testimony was to some extent at least corroborated by the circumstances. It is not one of those cases in which a verdict either way could be said to be clearly unwarranted. The court could not have refused to submit the questions of fact to the jury and, after a review of the evidence, we are all of opinion that it wisely exercised its discretion in refusing a new trial.

The assignments of error are overruled and the judgment is affirmed.